## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  5:14-cr-7-06 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| LARRY L. SULLIVAN, JR, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On February 2, 2015, the Court received a letter from defendant Larry Sullivan, Jr. ("defendant" or "Sullivan"), inquiring as to whether he was eligible for sentence reduction, presumably through Amendment 782 to the Drug Quantity Table in U.S.S.G § 2D1.1 and the Second Chance Act. (Doc. No. 419 ["Mot."].) The Court treated the filing as a motion for a sentence reduction and instructed the government to file a response, which the government did on February 27, 2015. (Doc. No. 428 ["Resp"].) By its response, the government opposes Sullivan's motion. (*See* Resp.) For the reasons that follow, Sullivan's motion is DENIED.

### I. BACKGROUND

On July 25, 2014, defendant entered a counseled plea of guilty to Count 13 of the indictment, which charged defendant with possession with intent to distribute and distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). In exchange for his plea, and pursuant to a plea agreement, Count 1 of the indictment—the

only other count in which defendant was charged—was dismissed. (Doc. No. 238 ["Plea Ag."]; Doc. No. 364 ["Judgment"] at 2514-2515.)

Based upon initial advisory guideline calculations, defendant's Base Level Offense under then-existing U.S.S.G. § 2D1.1 was 18. The parties expressly agreed, in light of Amendment 782 to the sentencing guidelines, that Sullivan's Base Level Offense would be 16. However, based on defendant's prior felony convictions, the presentence report provided that defendant's prior criminal record qualified him as career offender under U.S.S.G. § 4B1.1, with an enhanced offense level of 32. With a three-level reduction for acceptance of responsibility, Sullivan's advisory imprisonment range, as a career offender, was 151-188 months.

Notwithstanding defendant's status as a "career offender," the government filed a sentencing memorandum suggesting that, under the totality of the circumstances, a sentence lower than the advisory imprisonment range would be appropriate. (Doc. No. 345.) At sentencing, the Court agreed with the government that a lower than guideline range was warranted and substantially departed downward to a final Total Offense Level of 17, which carried with it a sentencing range of 51-63 months. On October 23, 2014, the Court sentenced defendant to a term of imprisonment of 63 months, with credit for time served. (Judgment.)

**II.  LAW AND ANALYSIS**

Defendant now inquires as to whether he is eligible to have his sentence reduced pursuant to a retroactive amendment to the federal sentencing guidelines, or

whether he is eligible for re-sentencing under the Second Chance Act. The answer to each question is "no."

### A. Amendment 782

The authority of the Court to resentence a defendant is limited by statute. *United States v. Houston*, 529 F.3d 743, 748-49 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 585 (6th Cir. 2001)). The sentencing court has no inherent authority to modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Congress allows a district court to modify a term of imprisonment under 18 U.S.C. § 3582(c)(2) when the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." Section 3582(c)(2) additionally states that the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission, on November 1, 2014, adopted Amendment 782 to the Drug Quantity Table in U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses. The amendment has been given retroactive effect, but offenders may not be released from prison based on this amendment earlier than November 1, 2015.

Defendant is not entitled to a sentence reduction under Amendment 782. Once a defendant is determined to be a career offender under § 4B1.1, if the career offender sentencing range is greater than the initial advisory guideline range, the career offender range controls. U.S.S.G. § 4B1.1(b). Here, the initial advisory calculation

3

resulted in an offense level of 16. Once defendant was found to be a career offender, his offense level became 32. Finding that level 32 overstated defendant's offense, the Court substantially departed downward to arrive at a final offense level of 17. Therefore, the Court ultimately calculated defendant's sentencing range based upon its downward departure from the enhanced offense level set forth in the career offender guidelines.

When a sentencing range is derived from § 4B1.1, and not the amended Drug Quantity Table in § 2D1.1, Amendment 782 is not applicable. *See United States v. Thompson*, 714 F.3d 946, 949 (6th Cir. 2013) (court held previous amendments to drug quantity table did not apply to lower sentence of career offender); *see, e.g., United States v. Nicholson*, No. 3:11-194, 2015 WL 403997, at *2 (M.D. Tenn. Jan. 29, 2005) (defendant not eligible for sentence reduction under Amendment 782 because his sentencing range was determined by his career offender status), Since defendant was originally sentenced based on the career offender guideline range, properly reduced by this Court, this Court lacks jurisdiction under 18 U.S.C. § 3582(c)(2) to modify his sentence.

**B.     The Second Chance Act**

Defendant fails to explain why he is entitled to resentencing under the Second Chance Act. The Act provides, in part, that the Director of the Bureau of Prisons "shall, to the extent possible, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed twelve months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). While the

Second Chance Act allows the Bureau of Prisons to consider placement of an inmate in a Residential Re-entry Center ("RRC") for a portion of his remaining sentence, it offers no authority for a district court to resentence a defendant or reduce an existing sentence. For this reason, defendant's request for relief under the Second Chance Act is also denied.

### III. CONCLUSION

For all of the foregoing reasons, defendant's motion to reduce his sentence (Doc. No. 419) is DENIED in its entirety.

**IT IS SO ORDERED**.

Dated: April 1, 2015

                                        **HONORABLE SARA LIOI**
                                        **UNITED STATES DISTRICT JUDGE**